UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KIMBERELY STEER,

    Plaintiff,

v.                                                                         CASE NUMBER:

GAMA AVIATION (MANAGEMENT) INC.;

    Defendant.
_____/

**COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA (§207) AND DEMAND FOR JURY TRIAL**

    Plaintiff, KIMBERLEY STEER (hereinafter "Plaintiff" or "Steer"), by and through her undersigned counsel, herein sues Defendant, GAMA AVIATION (MANAGEMENT) INC. ("Defendant"), pursuant to 29 U.S.C. §216 of the Fair Labor Standards Act (the "FLSA") and states as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff, KIMBERLEY STEER, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. § 207.

    2.    The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff's job position as an "Office Administrator/Manager" when she was employed by Defendant was a non-exempt job position under the FLSA.

4. Pursuant to policy and plan, Defendant failed to pay Plaintiff at a rate not less than one and one-half her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. §207(a)(1).

5. Plaintiff's primary job duties as an employee of Defendant consisted of clerical type duties such as answering telephone calls, customer service, and filling out paperwork.

6. Plaintiff worked as an "Office Administrator/Manager" for Defendant at 3867 Southern Blvd., West Palm Beach, Florida 33406 from approximately October 27, 2007 to August 3, 2015.

7. Throughout Plaintiff's employment with Defendant she was required to work in excess of forty (40) hours per week in order to complete her job duties and did so.

8. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

**PARTIES, JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, because this action involves a Federal Statute, 29 U.S.C. § 201, *et seq.*

10. This Court has personal jurisdiction over this action because Defendant operates substantial business in Palm Beach County, Florida and the damages at issue occurred in Palm Beach County, Florida.

11. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b).

12. At all times relevant to this action, Plaintiff was an employee of Defendant within

the meaning of 29 U.S.C. §203(e)(1).

13. Defendant, GAMA AVIATION (MANAGEMENT) INC., is a foreign profit corporation with its principal address located at 2 Corporate Drive, Suite 1050, Shelton, CT 06484.

14. Defendant, GAMA AVIATION (MANAGEMENT) INC., is one of the world's largest aviation service providers and employs over 300 employees worldwide.

15. At all times material hereto, Defendant was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. §203.

16. The overtime wage provisions set forth in 29 U.S.C. §207 apply to Defendant as it engages in commerce under the definition of the FLSA and has grossed more than $500,000.00 in operating revenue during each of the last 10 fiscal years.

17. All conditions precedent to the filing of this action have been performed.

## **GENERAL ALLEGATIONS**

18. Plaintiff was employed by Defendant as an "Office Administrator/Manager" at 3867 Southern Blvd., West Palm Beach, FL 33406 from approximately October 27, 2007 to August 3, 2015.

19. As an "Office Administrator/Manager" Plaintiff's main job duties involved clerical type work such as answering the telephone, customer service, and filling out routine paperwork.

20. As an "Office Administrator/Manager" Plaintiff was paid a fixed annual salary of $33,000.00.

21. As an "Office Administrator/Manager" Plaintiff had no authority to hire or fire employees.

22. As an "Office Administrator/Manager" Plaintiff's primary job duties did not involve the performance of office or non-manual labor directly related to the management or

general business operations of the Defendant.

23. As an "Office Administrator/Manager" Plaintiff's primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. As an "Office Administrator/Manager" Plaintiff's primary job duties did not include managing the enterprise, or managing a customarily recognized department or their equivalent.

25. Throughout Plaintiff's employment with Defendant she regularly worked an average of forty-five (45) hours per week.

26. Despite regularly working in excess of 40 hours per week Plaintiff was never paid an overtime premium at a rate not less than one and one-half her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. §207(a)(1).

27. In lieu of overtime pay at a rate of one and one-half her regular rate of pay for all hours worked over forty (40) in a workweek, Defendant "compensated" Plaintiff by providing her with paid time off to make up for the overtime hours for which she was not paid an overtime premium.

28. In order to get approval to use her paid time off, in lieu of an overtime premium, Plaintiff regularly sought such approval from her supervisor, Raphael "Ralph" Castillo, by informing him that she had worked in excess of 40 hours for a particular week.

29. For instance, once Plaintiff reached 48 hours of work for a particular week Mr. Castillo would authorize Plaintiff to use the eight (8) hours in the form of paid time off so that in lieu of eight hours of overtime pay Defendant allowed Plaintiff to take a day off from work.

30. Defendant had no reasonable grounds to believe that Plaintiff was not entitled to overtime pay or that she fell within any of the exemptions to the overtime provisions of the FLSA.

31. Defendant willfully misclassified Plaintiff as an exempt employee to avoid compensating her time and a half for hours worked in excess of forty (40) hours per work week.

32. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

33. Plaintiff readopts and realleges the allegations set forth in paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §203(e)(1).

35. Defendant is an "employer" within the meaning of 29 U.S.C. §203(d).

36. The overtime wage provision set forth in FLSA §207 applies to Defendant as it engages in commerce under the definition of the FLSA.

37. Throughout Plaintiff's employment with Defendant she was not paid overtime compensation for all hours worked in excess of forty (40) per week.

38. Defendant compensated Plaintiff as if she was an exempt employee; however, her work duties dictated that she should have been classified and compensated as a non-exempt employee. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance.

39. Defendant is, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

40. Therefore, Defendant willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all

Feldman Law Group, PA | 1715 N. Westshore Blvd., Suite #400 | Tampa | Florida | 33607 | PH (813) 639-9366

hours worked in excess of forty (40) per week.

41. During the relevant time period, Defendant required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty hours in a work week without payment of overtime.

42. Defendant knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half her regular rate of pay for all such hours, for the purposes of decreasing costs and maximizing profitability.

43. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant. If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

44. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

45. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff, KIMBERLEY STEER, demands judgment against Defendant for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to §216 of the FLSA), and such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this February 19, 2016

                                          Respectfully submitted by,

                                          /s/ *Joseph Odato*
                                          Joseph Odato, Esq.
                                          Florida Bar No. 86201
                                          Dennis A. Creed, Esq.
                                          Florida Bar. No. 80349
                                          Feldman Law Group, P.A.
                                          1715 N. Westshore Blvd., Suite #400
                                          Tampa, Florida 33607
                                          Telephone: (813) 639-9366
                                          Fax: (813) 639-9376
                                          Email: dcreed@ffmlawgroup.com
                                          Email: jodato@ffmlawgroup.com
                                          *Attorneys for Plaintiff, Kimberley Steer*