**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.: 16-CV-80239-KLR**

KIMBERLEY STEER,

        Plaintiff,

v.

GAMA AVIATION (MANAGEMENT), INC.

        Defendant.

_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND
MOTION TO APPROVE SETTLEMENT**

The Plaintiff, KIMBERLEY STEER ("Plaintiff"), and the Defendant, GAMA AVIATION (MANAGEMENT) INC. ("Defendant") by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the dismissal with prejudice of this action in its entirety pursuant to the Federal Rules of Civil Procedure, subject to the Court's approval of their settlement.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice. To facilitate the Court's review of the Parties' settlement agreement (the "Agreement"), a copy of the executed Agreement is attached hereto as Exhibit "A".

**I.    Background**

Plaintiff asserts a claim in this action for alleged unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), among other claims. Defendant denies Plaintiff's claim asserting, *inter alia*, that Defendant paid Plaintiff all compensation to which she

was entitled. Moreover, Plaintiff was not entitled to any overtime pay. The FLSA generally requires employers to pay premium overtime provisions to employees who work in excess of forty hours per week. 29 USC § 207. There are numerous specific exemptions, however, to the overtime requirements, including the exemption for "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 USC § 213(b)(3). Those subject to Title II of the RLA include "every **common carrier by air** engaged in interstate or foreign commerce . . . . and every air pilot or other **person who performs any work as an employee or subordinate official of such carrier or carriers**, subject to its or their continuing authority to supervise and direct the manner of rendition of his service." 45 USC § 181.  Defendant is a common carrier by air, and therefore, subject to the Railway Labor Act and exempt from the FLSA's overtime requirements. Defendant provided to Plaintiff's counsel every time sheet and all payment records which raised doubts as to the viability of Plaintiff's claims.

However, for purposes of a prompt resolution, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Settlement Agreement.

**II.      Legal Principles**

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees.  First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a judgment approving the fairness of the

settlement. *Id.; see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable comprise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claim. The proposed settlement arises out of an action brought by the Plaintiff against her employer, which is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the unpaid wage claim is the result of a bona fide compromise between them on a variety of disputes of law and fact, including without limitation, (a) whether Plaintiff worked any compensable time without compensation, (b) whether Plaintiff worked time over forty hours in any week, which was not *de minimis*, but was not compensated at overtime rates for such time, (c) whether Defendant's actions were non-willful and taken in good faith; and (d) whether Defendant overpaid Plaintiff for certain days Plaintiff did not work.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties engaged in detailed settlement discussions, through their

counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. The Parties continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations, and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties agree that the settlement adequately compensates Plaintiff for any potential wage claims, and for the general release signed by the Plaintiff. Plaintiff was specifically provided with additional consideration for her agreement to provide sign a general release.

Plaintiff was counseled and represented by her attorneys through the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

### III. Conclusion

The Parties jointly request that this Court approve the Parties' settlement and request that the Court dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement.

Respectfully submitted,

By: __s/Joseph Odato_____
Joseph Odato, Esq.
Florida Bar No. 86201
E-mail: jodato@creedlawgroup.com
Dennis A. Creed, Esq.
Florida Bar No. 80349
E-mail: dcreed@creedlawgroup.com
Creed Law Group, PLLC
13043 West Linebaugh Avenue
Tampa, FL 33626
Telephone: (813) 444-4332
Facsimile: (813) 441-6121
*Attorneys for Plaintiff*

By:____s/Pedro Forment_____
Pedro P. Forment, Esq.
Florida Bar No. 61026
E-mail: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Fla. Bar No. 68999
E-mail: Halbersm@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
*Attorneys for Defendant*

CASE NO.: 16-CV-80239-KLR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ Pedro Forment
Pedro P. Forment, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Kimberley Steer v. Gama Aviation (Management), Inc.*

**Case No. 16-CV-80239-KLR**

| | |
|---|---|
| Joseph Odato, Esq. | Pedro P. Forment, Esq. |
| Florida Bar No. 86201 | Florida Bar No. 61026 |
| E-mail: jodato@creedlawgroup.com | E-mail: pedro.forment@jacksonlewis.com |
| Dennis A. Creed, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 80349 | Florida Bar No. 68999 |
| E-mail: dcreed@creedlawgroup.com | E-mail: mendy.halberstam@jacksonlewis.com |
| Creed Law Group, PLLC | JACKSON LEWIS P.C. |
| 13043 West Linebaugh Avenue | One Biscayne Tower, Suite 3500 |
| Tampa, FL 33626 | 2 South Biscayne Boulevard |
| Telephone: (813) 444-4332 | Miami, FL 33131 |
| Facsimile: (813) 441-6121 | Telephone: 305-577-7600 |
| | Facsimile:  305-373-4466 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**4835-2135-7104, v.  1**